STOULIG, Judge.
The issue before us is the validity of a notarial act of adoption between two majors executed in conformity with R.S. 9:- *891 461, where the adoptee appeared through an agent.
Appellant, the executrix of the estate of Antonina Z. Caldas, resists payment of a legitime to John Joseph Caldas, Jr. (hereinafter referred to as Caldas, Jr.), as a forced heir of decedent because she contends his adoption was a nullity. Caldas, Jr., is one of two intervenors seeking their legitime from the Caldas estate as forced heirs after the last will and testament of Antonina Caldas was probated. It was learned testatrix bequeathed $5,000 to a special legatee and gave the residuum of her estate to her sister Marie Zuccarello, an interdict. The testament failed to provide to Caldas, Jr., and to a minor daughter of the late Joseph Caldas[1] (her second adopted son) their legitime as adop-tees. From a judgment ordering the disposable portion reduced to satisfy both claims for legitime, the executrix has appealed only as to the judgment rendered in favor of Caldas, Jr.
The act of adoption, dated August 5, 1953, was signed by decedent as adopter; by Joseph Silva Caldas, as adoptee; and by John Joseph Caldas, Jr., as adoptee through an agent. The validity of the power of attorney, executed in Korea on July 26, 1953, is not at issue.[2] Appellant cites the emphasized portion of R.S. 9:461 to support her contention the adoptee must personally sign the act for it to be valid:
“Any person above the age of twenty years may adopt any person over the age of seventeen years, according to the following conditions, limitations and procedure :
A. That the adoption shall be effected by the execution of a notarial act signed by the adoptive parent or parents and the person to be adopted, where the person to be adopted is a major * *
We do not construe this statute to mean the adopted person must sign personally. A research of the law and jurisprudence fails to reveal any authority for the proposition that the parties to an adoption cannot sign through a mandatary. C. C. art. 2987 sets forth the necessary elements for a valid mandate: (1) that it be lawful; and (2) that the power conferred is one that the principal has the right to exercise. R.S. 9:461 does not expressly negate the right to a party to consent to the act of adoption through a power of attorney. Therefore we hold that legislative silence on the use of procuration in notarial adoptions implies its approval.
Appellant argues an act of adoption creates a status that becomes irrevocable [3] once the parties evidence their assent to it by signing the act. She further submits the ceremony is a formality that brings the status into fruition[4] and the magnitude of the commitment formalized by the ceremony is such that no person should be permitted to designate an agent to appear on his behalf to assent to the new status. We disagree.
Like adoption, marriage also involves a change in status and the Civil Code[5] expressly prohibits either one of the spouses from entering into this agreement through a mandate. By analogy we conclude that had the legislature deemed it unwise for an agent to act for one of the principals in a notarial adoption, it would have so stated.
Therefore, we conclude the adoption of Caldas, Jr., was valid and his right to a *892 legitime as a forced. heir of Mrs. Caldas was one of the benefits he derived from his change in status as an adopted child of decedent.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
SCHOTT, J., dissents with written reasons.

. Elizabeth D. Caldas, appearing through her natural tutrix, claims a legitime as the representative of her predeceased father, Joseph Caldas, an adopted heir of Antonina Caldas.

. Nor does appellant dispute that the mandate is sufficiently expressed and special (as required by C.C. art. 2997) for the nonadministrative act of evidencing the principal’s consent to the act of adoption by affixing his signature thereto.

. Succession of Thomson, 221 La. 791, 60 So.2d 411 (1952).

. Succession of Piezati, 141 La. 645, 75 So. 498 (1917).

. C.C. art. 109.